# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANDRE TYRONE GRIFFITH,<br><br>　　　　Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C16-0040-LRR<br>No. CR01-0004-LRR<br><br>ORDER REGARDING<br>28 U.S.C. § 2255 MOTION |

## *I. INTRODUCTION*

This matter appears before the court on the movant's second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). The movant filed such motion on March 21, 2016. In his § 2255 motion, the movant claims that he is entitled to relief under the recent United States Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Also before the court are the movant's motion for immediate release on bail pending resolution of second or successive § 2255 motion (civil docket no. 2), filed on March 30, 2016, and motion for immediate resentencing (civil docket no. 3), filed on April 22, 2016. On May 18, 2016, the court directed the parties to brief the matter. The movant filed a brief in support of relief (civil docket no. 7). The government filed a resistance in which it disputes that the movant is entitled to relief under 28 U.S.C. § 2255 (civil docket no. 8).

## *II. FACTS*

A jury found the movant guilty of count 1, possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) & 924(a)(2), and count 2, being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The court ordered a pre-sentence

report to be prepared. The court determined that the movant qualified as an armed career criminal, and calculated a sentencing guidelines range of 235 to 293 months imprisonment based on a total adjusted offense level of 33 and a criminal history category VI. On December 18, 2001, the court noted the seriousness of the movant's criminal history and sentenced the movant to a term of 120 months imprisonment on count 1 and a term of 240 months imprisonment on count 2. It ordered the sentences to be served concurrently to one another.

### III. LEGAL STANDARD

A prisoner in custody under sentence of a federal court is able to move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) "[that the judgment or sentence] is otherwise subject to collateral attack." *Id.*; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962) (listing four grounds upon which relief under 28 U.S.C. § 2255 may be claimed); *Watson*, 493 F.3d at 963 (same); *Lee v. United States*, 501 F.2d 494, 499-500 (8th Cir. 1974) (clarifying that subject matter jurisdiction exists over enumerated grounds within the statute); Rule 1 of the Rules Governing Section 2255 Proceedings (specifying scope of 28 U.S.C. § 2255). If any one of the four grounds is established, the court is required "to vacate and set aside the judgment and [it is required to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting 28 U.S.C. § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)) (internal quotation mark omitted). Although it appears to be broad, 28 U.S.C.

§ 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, 28 U.S.C. § 2255 is intended to redress constitutional and jurisdictional errors and, apart from those errors, only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Sun Bear*, 644 F.3d at 704 (clarifying that the scope of 28 U.S.C. § 2255 is severely limited and quoting *Hill*, 368 U.S. at 428); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) (making clear that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id*. (quoting *Addonizio*, 442 U.S. at 184).

## *IV. ANALYSIS*

Under the Armed Career Criminal Act ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces more severe punishment if the defendant has three or more previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These

3

definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-crimes clause; and (3) and the residual clause.

In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause; the Supreme Court held that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to the defendant and invites arbitrary enforcement by judges." ___ U.S. at ___, 135 S. Ct. at 2557. Shortly after invalidating the residual clause, the Supreme Court concluded in *Welch v. United States* that *Johnson* announced a substantive rule that applied retroactively on collateral review. ___ U.S. ___, ___, 136 S. Ct. 1257, 1265 (2016). Hence, under *Johnson* and *Welch*, a prior conviction may not be used as a predicate ACCA offense if it falls under 18 U.S.C. § 924(e)(2)(B)'s invalidated residual clause.

Relying on *Johnson* and *Welch*, the parties do not dispute whether the movant has enough prior qualifying convictions to be subject to an enhanced sentence under 18 U.S.C. § 924(e)(1); they agree that the movant does not have three predicate felonies. They, however, dispute whether relief is available. The movant argues that he is entitled to a new sentencing hearing because it is unclear whether the court would reimpose the same sentence because it did not impose a sentence at the top of the mandatory sentencing guidelines range and the facts at issue in this case are not "extreme." The government argues that, even if the movant is no longer subject to the enhanced ACCA statutory range of punishment, relief is not available under 28 U.S.C. § 2255 because the sentence that the movant received could be reimposed.

A sentence is illegal for purposes of 28 U.S.C. § 2255 if it was "imposed without, or in excess of, statutory authority." *Sun Bear*, 644 F.3d at 705. Relief under 28 U.S.C. § 2255 is inappropriate where the same sentence "could be reimposed were [the movant] granted the § 2255 relief he requests." *Olten v. United States*, 565 F. App'x 558, 561 (8th

Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 1893 (2015).[1] In *Olten*, the Eighth Circuit Court of Appeals addressed whether the defendant should have been sentenced under the ACCA, which includes a 15-year statutory minimum, and concluded that, although a sentence under the ACCA was not authorized, no relief was justified because the same 235 month sentence could be reimposed by ordering consecutive terms of imprisonment for the two counts of conviction that each had a 10-year statutory maximum. 565 F. App'x at 560-62 (citing *Sun Bear*, 644 F.3d at 705); *see also id.*, 565 F. App'x at 562 (Kelly, J., concurring) (agreeing that *Sun Bear* permits speculation as to what a court might do upon resentencing based solely on what it could do under its statutory authority and stating that such "approach 'promotes finality at the expense of justice.'" (quoting *Sun Bear*, 644 F.3d at 707 (Melloy, J., dissenting))).

The court finds that *Sun Bear* conclusively resolves the movant's § 2255 motion because a sentence does not constitute a miscarriage of justice if it is within the statutory maximum term of imprisonment. *See generally Sun Bear*, 644 F.3d at 705-06; *cf. Gray v. United States*, 833 F.3d 919, 924 (8th Cir. 2016) (holding that movant was entitled to a new sentencing hearing because his "sentence resulted from a conviction for the wrong crime" and actual crime committed is a central component for calculating the correct sentence); *Ragland v. United States*, 784 F.3d 1213, 1214 (8th Cir. 2015) (determining that claim under *Burrage v. United States*, 571 U.S. ___, ___, 134 S. Ct. 881, 892 (2014), is cognizable because the validity of movant's conviction, not just his sentence, is called into question). The movant is required to show that, absent the court's improper reliance on the ACCA, the court could not have imposed 240 months imprisonment as his total

---

[1] An unpublished opinion like *Olten* may be cited when there is no other relevant authority. *See* Local Rule of the Eighth Circuit 32.1A ("Parties may also cite an unpublished opinion of this court if the opinion has persuasive value on a material issue and no published opinion of this court or another court would serve as well."); *see also* Fed. R. App. P. 32.1 (stating that a court may not prohibit or restrict citation to federal opinions).

punishment. *See Olten*, 565 F. App'x at 560-62; *see also Sun Bear*, 644 F.3d at 705 (explaining that movant already had been afforded fair procedure and it is a "basic principle that, in sentencing, a miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law" (citing *Addonizio*, 442 U.S. at 184)); *Martin v. United States*, 150 F. Supp. 3d 1047, 1050 (W.D. Mo. 2015) (applying *Olten*). This, of course, the movant cannot do since the court could have imposed legal sentences on the counts of conviction and used consecutive sentences (rather than concurrent) to achieve the same "total punishment" under USSG §5G1.2(d) and/or 18 U.S.C. § 3584. In sum, the denial of relief in this proceeding is dictated by prior precedent of the Eighth Circuit Court of Appeals.

## V. CERTIFICATE OF APPEALABILITY

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claim that he raised in his motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his motion pursuant to 28 U.S.C. § 2255, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## *VI. CONCLUSION*

For the reasons discussed above, the movant is not serving a sentence in excess of that authorized by law. Accordingly, the movant's motion under 28 U.S.C. § 2255 shall be denied. Additionally, a certificate of appealability shall not issue. Lastly, given the court's resolution of the movant's motion under 28 U.S.C. § 2255, there is no basis to release the movant or resentence him. Accordingly, the movant's motion for immediate

release on bail pending resolution of second or successive § 2255 motion and motion for immediate resentencing shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The movant's motion pursuant to 28 U.S.C. § 2255 (civil docket no. 1) is denied.

(2) A certificate of appealability is denied.

(3) The movant's motion for immediate release on bail pending resolution of second or successive § 2255 motion (civil docket no. 2) and motion for immediate resentencing (civil docket no. 3) are denied.

**DATED** this 15th day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA